Johnson, J,
delivered the opinion of the Court.
According to the rule laid down in the case of Walker v. Mathaney, Harp. 187, the Circuit Court seems to have been warranted im awarding judgment against the defendant, on his refusal, or neglect, to come in and answer the interrogatories propounded to him under the rule of Court. So that the only question is, whether the defendant’s promise was, or was not, within the Statute of Frauds. Assuming as true, the affirmative of the question propounded, the case is this. The plaintiff, a tailor, furnished the ward of the defendant with a frock coat, without the order of the defendant, and the defendant afterwards promised to pay the plaintiff the value, if he would indulge him a short time, and that indulgence was granted. The rule laid down by chiefjustice Swift, is, that “ where there is no *421 debt or liability, on the part of the person for whom the promise is made, so that no action will lie against him, it is an original undertaking on the part of the promisor.” 1 Swift’s Dig. 253. It may, I think, be well questioned, whether an infant, having a guardian, would under ordinary circumstances, be himself liable eveu for necessaries furnished him. But there is clearly nothing in this case which would bind him ; and according to the rule, the promise of the defendant was original, and binding on him. The rule is illustrated by the case of Harris v. Huntbach, 1 Bur. 373, where the plaintiff at the request of the defendant had advanced money'on account of his infant grandson, to pay for work done, and this was held an original undertaking. Foster, J. says “the infant was not liable, and, therefore, it could not be a collateral undertaking. It was an original undertaking of the defendant to pay the money.” 1 Bur. 376.
jJpcTih Vide Conol-
Colcock, J. and Richardson, J. concurred.
Motion refused.